UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Alveto Rivera,                            Civil No. 10-3954 (RHK/FLN)

        Petitioner,

v.                              **REPORT AND RECOMMENDATION**

John King, Warden,

        Respondent.

_____

Petitioner, *Pro Se*.
Lee W. Barry, Assistant Hennepin County Attorney, for Respondents.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on a Petition for Writ of Habeas Corpus filed by Petitioner (ECF No. 1). On September 23, 2010, the Court ordered that Respondents file an answer to the petition within thirty (30) days. (Doc. No. 6.) Respondent filed a response and memorandum in opposition to the petition. (ECF Nos. 7 and 8.) Petitioner filed a reply brief. (ECF No. 12.) The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) be **DENIED**.

## I. BACKGROUND

Petitioner Alveto Rivera ("Petitioner") is currently incarcerated at the Minnesota Correctional Facility at Stillwater. He is serving a 270-month sentence for his conviction of first-degree criminal sexual conduct in violation of Minn. Stat. § 609.342. The Minnesota Court of Appeals affirmed his conviction on April 27, 2010. *State v. Rivera,* 2010 WL 1657400 (Minn. Ct. App. April 27, 2010). The Minnesota Supreme Court denied review on June 29, 2010. *Id.*

The undersigned accepts the facts of this case as stated by the Minnesota Court of Appeals:

> On July 31, 2008, respondent State of Minnesota charged [Petitioner] with two counts of first-degree criminal sexual conduct, in violation of Minn.Stat. § 609.342, subd. 1(a) (2006), alleging that [Petitioner] sexually abused his girlfriend's minor children. [Petitioner] had two prior criminal-sexual-conduct convictions in 1994 and 1996. At a hearing on January 8, 2009, [Petitioner] pleaded guilty to one count of first-degree criminal sexual conduct pursuant to a plea agreement. Under the plea agreement, the other count of first-degree criminal sexual conduct was dismissed and [Petitioner] was sentenced to 270 months' imprisonment, a downward durational departure from the presumptive sentence of 360 months.
>
> Prior to sentencing, [Petitioner] moved the court to allow him to withdraw his guilty plea. The district court denied the motion and sentenced [Petitioner] pursuant to the plea agreement.

*Rivera,* 2010 WL 1657400 at *1.

On appeal, Petitioner argued that the district court abused its discretion by denying his motion to withdraw his guilty plea. *Rivera,* 2010 WL 1657400 at *1. The Minnesota Court of Appeals rejected Petitioner's argument. The court found that Petitioner's guilty plea was accurate, voluntary, and intelligent, and that the Court was therefore not required to allow Petitioner to withdraw his plea in order to correct a manifest injustice. The court further found that the district court did not abuse its discretion under Minnesota Rule of Criminal Procedure 15.05, subdivision 2, which provides that the district court, in its discretion, "may . . . allow the defendant to withdraw a plea at any time before sentence if it is fair and just to do so."

In the instant action, Petitioner raises three arguments in support of his petition for habeas relief. First, Petitioner argues that his conviction was obtained by a plea of guilty which was unlawfully induced by counsel, in violation of Petitioner's Sixth Amendment rights. Second, Petitioner argues that his trial counsel was ineffective because he convinced Petitioner to sign a plea waiver form by misrepresenting the nature of the form. Third, Petitioner argues

2

that because his guilty plea was not knowing and voluntary, the district court abused its discretion in not allowing Petitioner to withdraw his plea. Petitioner raised the first and third arguments on appeal to the Minnesota Court of Appeals and Supreme Court, thus the record reflects that Petitioner has exhausted his state court remedies as to those claims.

Petitioner raised the issue of ineffective assistance of counsel only in his Pro Se Supplemental Petition for Review to the Minnesota Supreme Court. (App. at 77-91; ECF No. 9.) He did not raise the issue in his appeal to the Minnesota Court of Appeals, or in his primary petition for review before the Supreme Court. (App. at 1-21, 57-62.) The Supreme Court denied Petitioner's motion to accept his pro se supplemental petition for review. (App. at 94.) The Court concludes that Petitioner has procedurally defaulted on this claim, as discussed below.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the standard that governs this Court's review of habeas corpus claims raised by state prisoners. The relevant portion of the AEDPA, 28 U.S.C. § 2254(d), provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

In *Williams v. Taylor*, 529 U.S. 362 (2000), the United States Supreme Court discussed the meaning of this statute, and how it should be applied by the federal district courts. The Court held that:

> [A] state-court decision can be "contrary to" this Court's clearly established precedent in two ways. First, a state-court decision is contrary to this Court's

> precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law. Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours . . . .
>
> Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id*. at 405, 413. The Court further explained the "unreasonable application" clause:

> A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable . . . . [A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id*. at 409, 411.

A writ of habeas corpus may also be available where the state court's resolution of a case is based on "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2). In other words, habeas relief may be granted if the state court's judgment is based on findings of fact that could not reasonably be derived from the evidentiary record. When reviewing a state court decision, however, a "federal court . . . presumes that the state court's factual determinations are correct," and that presumption "may be rebutted only by clear and convincing evidence." *Lee v. Gammon*, 222 F.3d 441, 442 (8th Cir. 2000) (citing 28 U.S.C. § 2254(e)(1)).

Therefore, a federal district court is not permitted to conduct its own de novo review of a habeas petitioner's constitutional claims. Habeas relief cannot be granted unless the petitioner has identified, and substantiated, a specific error committed by the state courts. Moreover, he must show that the state courts committed the type of error that is actionable under § 2254(d), as

that statute has been interpreted by the Supreme Court in *Williams*. Demonstrating actionable error requires that a petitioner, as a threshold matter, present a federal question in his petition for relief. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.")

### III. DISCUSSION

**A.    Petitioner's Guilty Plea was Knowing and Voluntary**

Petitioner claims that his guilty plea was not knowing and voluntary. As a result, Petitioner argues that the district court's acceptance of his plea and denial of his request to withdraw his plea deprived him of his right to due process.[1] Petitioner argues that it was not his intention to plead guilty and that his counsel tricked him into pleading guilty without his consent.

Because a guilty plea waives the constitutional right to a jury trial, the right to confront accusers, and the right against self incrimination, it must be a "knowing, intelligent act," that is "the voluntary expression of [the defendant's] own choice." *Brady v. United States*, 397 U.S. 742, 748 (1970). "If a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void." *Boykin v. Alabama*, 395 U.S. 238, 243 n. 5 (1969). A plea is knowing and voluntary when a defendant is informed of and waives his privilege against self-incrimination, his right to trial by jury, and his right to confront

---

[1] Petitioner has divided his arguments with regard to the validity of his guilty plea into two claims, claim one alleging that his guilty plea was unlawfully induced and claim three alleging that the trial court should have permitted the withdrawal of his guilty plea because it was not made knowingly and voluntarily. The Constitutional analysis for both claims is the same, therefore the Court considers them together.

witnesses. *Id.* The Supreme Court has held that a plea is "knowing" if a defendant receives "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998). A plea is not voluntary if it was "induced by promises or threats which deprive it of the character of a voluntary act. *Machibroda v. United States*, 368 U.S. 487, 493 (1962). A habeas petitioner bears the burden of establishing that his guilty plea was not voluntary and knowing. *See Parke v. Raley*, 506 U.S. 20, 31-34 (1992). "Whether a plea of guilty was constitutionally voluntary is a question of federal law, but the state courts' underlying findings of fact are entitled to the presumption of correctness." *Hunter v. Bowersox*, 172 F.3d 1016, 1022 (1999) (citing *Marshall v. Longberger*, 459 U.S. 422, 431-32 (1983).

Here, Petitioner argues that his plea was not knowing and voluntary because his attorney tricked him into signing the plea petition and entered the plea against his wishes. Petitioner states that his counsel convinced him to sign the plea petition by telling him it was a "consent form," never revealing that it was a form for entering a guilty plea. (Pet.'s Mem. at 6, ECF No. 12.) Petitioner did not have his eye glasses, so he was unable to read the form for himself. *Id.* Petitioner alleges that he could not hear what was happening in the courtroom during the plea hearing because he was in "a small room in the courtroom." (Id. at 3.) Petitioner states that counsel told him, "Just say yes when I look at you," and that Petitioner had so much trouble understanding the proceedings that his counsel began answering the court's questions on his behalf. *Id.* Petitioner states that after the hearing he asked his counsel what just happened, and his counsel told him, "I took a deal for you so you do not get life in prison." *Id.*

The hearing transcript does not support Petitioner's argument that he could not hear any of the hearing proceedings, simply replied "yes" when his counsel looked at him, and did not know the purpose of the hearing until after it was finished. Petitioner was asked specifically,

6

"To the offense of criminal sexual conduct in the first degree . . . do you plead guilty or not guilty?" (App. at 99.) Petitioner responded, "Guilty." *Id.* Throughout the remainder of the hearing, Petitioner answered questions "yes" or "no" appropriately. (App. at 99-103.) Petitioner's counsel never answered questions on Petitioner's behalf.

The Minnesota Court of Appeals considered the district court's factual findings with regard to voluntariness, along with the transcript from the plea hearing, and found as follows:

> Here, the district court found that appellant's plea was voluntary. This finding is reasonably supported by the record. Appellant signed a written plea petition in which he indicated his agreement that "[n]o one, including my attorney, any peace officer, prosecutor, judge or any other person, has made any promises to me, to any member of my family, to any friend or any other persons, in order to obtain a plea of guilty from me," and that "[n]o one, including my attorney, any peace officer, prosecutor, judge or any other person, has threatened me, any member of my family, and friend [sic] or any other person, in order to obtain a plea of guilty from me." The last line of the petition states, "That in view of all the above facts and conditions, I wish to enter a plea of guilty." At the plea hearing, appellant answered in the affirmative when asked if he recognized the petition and if it was his signature at the bottom of each page. He also answered in the affirmative when asked if he understood that by signing the petition, he was telling the court that he understood its contents. Appellant argues on appeal that his lawyer did not let him read the "waiver list" (presumably the plea petition) because he did not have his glasses. Even if true, at the plea hearing, appellant's lawyer asked, "And specifically, did I not read, word for word, this document to you?" Appellant responded, "Yeah." The contents of the plea petition and the questions at the hearing are sufficient to support the district court's finding that the plea was voluntary.

*Rivera,* 2010 WL 1657400 at *1. Having reviewed the transcript of the arraignment hearing, the Court agrees with the court of appeals that Petitioner's plea was voluntary. Petitioner's hearing testimony indicates that Petitioner understood the contents of the plea petition and that his desire at that time was to plead guilty.

7

The court of appeals also upheld the district court's finding that Petitioner's plea was knowing and intelligent. The district court, in rejecting Petitioner's motion to withdraw his plea, found that at the arraignment hearing:

> The facts were set out in detail. [Petitioner] understood the negotiation and it was set out by his attorney . . . . He stated he understood what was happening, he understood the contents of the plea negotiation and that he would accept the consequences. He was asked if he had any questions regarding any of his rights. He did not. It was explained to him that by pleading guilty that he would stop the proceedings and any pretrial practices and motions that he had previously filed, that he was giving up his right to a jury trial. A specific question was asked, "Have you had enough time to talk to [your attorney] about your case?" The answer was, "Yes." "Are you satisfied that your attorney had been acting in your best interests?" Again the answer was, "Yes."

*Rivera,* 2010 WL 1657400 at *3. The court of appeals considered the above discussion during the arraignment hearing and the fact that prior to pleading guilty, Petitioner made at least five court appearances at which he had the opportunity to ask his lawyer or the court questions about the charges he faced. *Id.* Additionally, the court of appeals considered Petitioner's prior experience in the criminal justice system, including two prior criminal-sexual-conduct convictions. *Id.*

The Court agrees with the Minnesota state courts that the record reflects Petitioner understood the charge to which he was pleading guilty and the rights he was giving up in doing so. The Court finds that the Minnesota Court of Appeals' conclusion that Petitioner's plea was voluntary and intelligent was neither "contrary to" nor "involved an unreasonable application of, clearly established Federal law." Further, the Court finds that the state courts' findings of fact could reasonably be derived from the evidentiary record. Therefore, the Court Recommends that the Petition be denied with respect to Petitioner's claims one and three, regarding the validity of Petitioner's guilty plea.

## B. Petitioner has procedurally defaulted his claim regarding ineffective assistance of counsel.

Petitioner claims that he is entitled to habeas relief because he received ineffective assistance of counsel. Respondent argues that Plaintiff has failed to exhaust his available state court remedies as to this claim. The Court agrees, and finds that because Petitioner is now procedurally barred from returning to state court to further exhaust this claim, Petitioner's claim regarding ineffective assistance of counsel has been procedurally defaulted.

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982). To satisfy the exhaustion of state court remedies requirement, a prisoner must "fairly present" his or her claims to the highest available state court before seeking relief in federal court. *O'Sullivan*, 526 U.S. at 845. The Eighth Circuit has stated, "To satisfy the 'fairly presented' requirement, [petitioner] was required to 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent constitutional issue' in the . . . state court." *Abdullah v. Groose,* 75 F.3d 408, 411-12 (8th Cir. 1996) (quoting *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993)).

When a prisoner has not exhausted his state court remedies for some particular claim, and state procedural rules preclude any further attempts to satisfy the exhaustion requirement as to that claim, then the claim has been procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A claim that has been procedurally defaulted will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default, or, in the alternative, that there would be a "fundamental miscarriage of

justice" if the federal court declined to consider the claim. *Id.* The "fundamental miscarriage of justice" exception is available only upon a "showing, based on new evidence, that a 'constitutional violation has probably resulted in the conviction of one who is actually innocent'." *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995), *quoting Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Here, Petitioner did not raise the issue of ineffective assistance of counsel in his appeal to the Minnesota Court of Appeals. Petitioner included this issue in his Pro Se Supplemental Petition to the Minnesota Supreme Court, but the Court did not accept that Petition and did not consider the merits of Petitioner's ineffective assistance of counsel claim. Accordingly, Petitioner has failed to exhaust his state court remedies for his ineffective assistance of counsel claim. *See Copeland v. Minnesota*, 2004 WL 1701034, at *2 ("The exhaustion requirement is not satisfied unless the habeas petitioner has raised all of his claims at every available level of the state court appeal process.") Additionally, because state procedural rules preclude any further attempts to satisfy the exhaustion requirement as to that claim, the Court finds that the ineffective assistance claim has been procedurally defaulted. Plaintiff attempted to raise this issue in his Pro Se Supplemental Petition to the Minnesota Supreme Court, but that Court declined to accept his Petition based on state procedural rules. Petitioner cannot now return to the state courts and seek further review of his ineffective assistance of counsel claim by means of a state post-conviction proceeding brought under Minn.Stat. §§ 590.01 et seq., because post-conviction review is not available for claims that were known, but not raised, on direct appeal. *State v. Knaffla*, 243 N.W.2d 737, 741 (1976) ("[W]here direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief."). Petitioner knew about his ineffective

assistance of counsel claim at the time of his appeal, as he attempted to raise that issue with the Minnesota Supreme Court, which declined to consider the issue on the merits. Because Petitioner has failed to exhaust his ineffective assistance of counsel claim and state procedural rules now bar him from returning to state court to further attempt to exhaust that claim, the Court finds that this claim has been procedurally defaulted.

The only remaining issue to consider is whether Petitioner has shown cause and prejudice, or actual innocence, to excuse his procedural default. In order to satisfy the "cause" requirement, a prisoner must show that some "external impediment" prevented him from presenting his claims in a timely and procedurally proper manner. *Coleman*, 501 U.S. at 753. Petitioner has not suggested any external impediment that prevented him from identifying his ineffective assistance of counsel claim in a procedurally appropriate manner in state court, therefore he has not satisfied the cause requirement.

Because Petitioner has failed to satisfy the cause component of the cause and prejudice requirement, it is unnecessary to consider whether he could satisfy the prejudice requirement. *Ashker v. Class*, 152 F.3d 863, 871 (8th Cir. 1998). Finally, Petitioner does not qualify for the "actual innocence" exception, because he has offered no new and previously undiscoverable evidence to affirmatively demonstrate that he did not commit the crimes for which he was convicted.

### IV.  RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1) Petitioner's Petition for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) be **DENIED**;

2)      This action be **DISMISSED WITH PREJUDICE**; and

3)      **JUDGMENT BE ENTERED ACCORDINGLY.**

It is further recommended, pursuant to 28 U.S.C. § 2253(c), that a Certificate of Appealability not be issued because Petitioner has failed to make a substantial showing of the denial of any constitutional right.


DATED: August 11, 2011                           *s/ Franklin L. Noel*
                                                 FRANKLIN L. NOEL
                                                 United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 26, 2011**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within 14 days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.